People v McNeil (2025 NY Slip Op 50553(U))

[*1]

People v McNeil (Rodney)

2025 NY Slip Op 50553(U)

Decided on April 17, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570505/22

The People of the State of New York, Respondent,
against
Rodney McNeil, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Audrey E. Stone, J.), rendered April 8, 2022, convicting him, upon his plea of guilty, of disorderly conduct (Penal Law § 240.20), and imposing sentence.

Per Curiam.
Judgment of conviction (Audrey E. Stone, J.), rendered April 8, 2022, affirmed. 
The accusatory instrument was jurisdictionally valid and properly converted into an information upon the filing of the victim's signed supporting deposition attesting to the truthfulness of the information supplied by her in the complaint. While the signature of the deponent was perpendicular to the signature line, this did not render the accusatory instrument jurisdictionally defective. The identity of the deponent was clearly indicated on the supporting deposition, her signature was between the Penal Law § 210.45 form notice and the signature line, and the deposition indicated the date and time of the signature (see CPL 100.30 [1] [d]).
Nor is there any indication on the face of the document that the deponent had not read and understood what she was signing or that she was incapable of doing so (see People v Slade, 37 NY3d 127, 138 [2021], affg 63 Misc 3d 161[A], 2019 NY Slip Op 50893[U] [App Term, 1st Dept 2019]; see generally Matter of Edward B., 80 NY2d 458 [1992]; Matter of Shaquana S., 9 AD3d 466, 466-467 [2004]). Defendant's claim that the victim is blind "cannot be used to create a 'facial defect' otherwise undetectable on the face of the accusatory instrument" (People v Slade, 37 NY3d at 138). Courts must "not rely on external factors to create jurisdictional defects not evident from the face of the [accusatory instrument]" (People v Konieczny, 2 NY3d 569, 576 [2004]; see People v Slade at 137).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: April 17, 2025